UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAJID SHARAFI,

     Petitioner,

  v.

PAMELA BONDI ET AL.,

     Respondents.

CASE NO. 2:26-cv-00743-JHC

ORDER

This matter comes before the Court on Petitioner Majid Sharafi's Petition for Writ of Habeas Corpus. Dkt. # 1. Petitioner argues that he is entitled to habeas relief because he "was taken into custody without explanation" "during a routine ICE check-in," in violation of the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. *Id*. at 6. After the Petition was filed, the Court issued a scheduling order directing Respondents to show cause why a writ of habeas corpus should not be granted. *See* Dkt. # 3. It also appointed the Federal Public Defender to consult with Petitioner. *See* Dkt. # 4. The Federal Public Defender appeared on behalf of Petitioner on March 20, 2026, i.e., after the petition and response had already been filed. *See* Dkt. # 9.

In response to the order to show cause, Respondents offer three reasons for why the petition should be denied. *See generally* Dkt. # 6. First, they argue that "Petitioner has named

ORDER - 1

an improper Respondent[,]" as he has named Daniel Strzelczyk, a non-supervisory Enforcement and Removal Operations (ERO) Deportation officer who lacks custodial authority over Petitioner, instead of the United States. *Id*. at 1, 5–6. Second, they contend that Petitioner's detention is "both mandatory and lawful[,]" as 8 U.S.C. § 1225(b) requires mandatory detention for individuals like Petitioner. *Id*. at 2, 6–8. Finally, they argue that Petitioner's re-detention is constitutional as it "raises no Fifth Amendment concern." *Id*. at 2, 9–11.

The Court disagrees on all three grounds. As for the naming issue, Petitioner was initially proceeding pro se, *see generally* Dkt., and has since moved to amend his petition to substitute the following parties for "Strzelcayk" as Respondents: "PAMELA BONDI, Attorney General of the United States; KRISTI NOEM, Secretary of the Department of Homeland Security; JULIO HERNANDEZ, Acting Seattle Field Office Director, United States Citizen and Immigration Services; BRUCE SCOTT, Warden of Immigration Detention Facility; and United States Immigration and Customs Enforcement ("ICE")." *See* Dkt. # 11. These Respondents appear to be the proper Respondents for this action. *See generally* Dkt. The Court also does not find any prejudice from Petitioner's initial failure to name these parties, as "Respondents' return memorandum makes clear that they identified the named respondent to be a deportation officer, knew who the correct respondents should be, and understood [Petitioner] to be challenging his unlawful re-arrest and continued detention at the federal detention center in Tacoma, Washington." Dkt. # 11 at 1–2. The Court thus GRANTS Petitioner's "Motion to Substitute Respondents" (Dkt. # 11) and rejects Respondents' request to deny the petition on this ground.

As for the mandatory detention and Fifth Amendment issues, courts in this district have repeatedly rejected Respondents' arguments, concluding that individuals, like Petitioner, are entitled to habeas relief because: (1) they are not subject to mandatory detention under 8 U.S.C. § 1225(b); and (2) their re-detention, without notice and opportunity to be heard, violates their

ORDER - 2

Fifth Amendment rights to due process. *See, e.g., Nagra v. Noem*, 2026 WL 602225, at *1 (W.D. Wash. Mar. 4, 2026) (collecting cases). The Court thus concludes that Petitioner has shown by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States" and is therefore entitled to habeas relief. *See* 28 U.S.C. § 2241(c). The Court also notes that it is very concerned by Respondents' refusal to immediately release Petitioner after his asylum claim was granted, especially considering Respondents' discussion of Petitioner's "imminent merits hearing" in the Response. *See* Dkt. # 6 at 9, 11.

Accordingly, the Court:

(1) GRANTS the Motion to Substitute Respondents (Dkt. # 11).

(2) GRANTS the Petition for Writ of Habeas Corpus (Dkt. # 1).

(3) ORDERS Respondents to release Petitioner from custody by 5 p.m. today on the same conditions of release previously imposed before his arrest in January 2026. Respondents and their respective officers, agents, employees, attorneys, and other persons acting on their behalf are prohibited from re-detaining Petitioner unless and until he is provided with adequate notice and a hearing before an immigration court to determine whether re-detention is appropriate.

Dated this 24th day of March, 2026.

John H. Chun
United States District Judge

ORDER - 3